UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED LOZANO, et al.,<br><br>    Defendants. | No. 2:20-cv-1009-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed an application to proceed in forma pauperis. ECF Nos. 2, 4.

I.   Request to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II.   Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
2  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4  relief."  *Id.* § 1915A(b).

5  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
7  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
9  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
12 U.S. 662, 679 (2009).

13 To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15 action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
16 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
17 678.

18 Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
22 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
23 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
24 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25 III.    Screening Order

26 The complaint asserts 18 claims against 21 defendants spanning three prisons plus the
27 parole board.  Unsurprisingly, it impermissibly joins claims that may not be pursued in a single
28 action.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when

2

they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

The complaint contests a number of actions taken with respect to four distinct incidents: (1) a riot involving plaintiff and inmate Flores and plaintiff's subsequent discipline therefor (Claims I-VII); (2) a Prison Rape Elimination Act accusation made against plaintiff and his subsequent placement in administrative segregation (Claims VIII-IX); (3) an incident involving plaintiff and inmate Paradez and plaintiff's subsequent discipline therefor (Claims X-XII, XVIII); and (4) the parole board's decision to deny plaintiff parole and defer his next parole consideration hearing for 10 years (Claims XIII-XVII). These four incidents do not share defendants and are separate transactions/occurrences. Accordingly, plaintiff may not challenge these four incidents and their consequences in a single action. The court will provide plaintiff with an opportunity to file an amended complaint limited to one of these four episodes.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

/////

3

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

IV.  Summary of Order

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to file an amended complaint within 30 days from the date of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: September 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE