1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9   WILLIAM ROUSER,

Case No. 2:20-cv-01009-JDP (PC)

10        Plaintiff,

ORDER THAT THE CLERK OF COURT
ASSIGN A DISTRICT JUDGE TO THIS
ACTION

11   v.

12   JARED LOZANO, *et al.*,

FINDINGS AND RECOMMENDATIONS TO
DISMISS THE CASE WITHOUT PREJUDICE
FOR FAILURE TO STATE A CLAIM

13        Defendants.

14

OBJECTIONS DUE IN THIRTY DAYS

ECF No. 11

15

16

17        Plaintiff William Rouser is a state prisoner proceeding without counsel in this civil rights

18   action brought under 42 U.S.C. § 1983.  His initial complaint was dismissed on September 29,

19   2020.  ECF No. 7.  He has filed an amended complaint alleging that various defendants violated

20   his constitutional rights when he was denied parole on April 2, 2020.  ECF No. 11 at 6, 22.

21   Claims challenging denial of parole cannot proceed in a section 1983 action.  Accordingly, I

22   recommend that this action be dismissed without prejudice so that plaintiff may pursue it, if at all,

23   in a habeas petition.

24        Screening and Pleading Requirements

25        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

26   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

27   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

28   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

1

1    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

2    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

3    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

4    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of

5    "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469

6    F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).  At screening, we must identify

7    cognizable claims and dismiss "any portion of the complaint" that "is frivolous, malicious, or

8    fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a

9    defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

11   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

12   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

13   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

14   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

15   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

16   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17                                            Analysis

18        Plaintiff names twenty-one defendants, all of whom allegedly played some part in denying

19   him parole.  ECF No. 11 at 3-5.  He alleges that the denial of parole violated his due process

20   rights, *id.* at 6-7,10-16, his right to be free from cruel and unusual punishment, *id.* at 8, and his

21   right to effective assistance of counsel, *id.* at 9.  Claims challenging denial of parole cannot be

22   brought in a section 1983 action, however.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)

23   ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the

24   fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate

25   state relief) instead.") (internal quotation marks and citations omitted).  Challenging the

26   procedures or evidence used to deny parole does not circumvent this principle.  *See Butterfield v.*

27   *Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("We have no difficulty in concluding that a challenge

28   to the procedures used in the denial of parole necessarily implicates the validity of the denial of

1   parole and, therefore, the prisoner's continuing confinement.").  I decline to convert this case into

2   a petition for habeas corpus because I cannot conclude that it was plaintiff's intent to file such an

3   action.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to

4   bring a habeas petition is not clear, . . . the district court should not convert a defective section

5   1983 claim into a habeas petition.").  And plaintiff does not allege that he has undertaken the

6   procedures required to exhaust a federal habeas petition.  Plaintiff may decide whether to bring a

7   separate habeas action challenging his parole denial.

8       It is ordered that the Clerk of Court shall assign a district judge to rule on these findings

9   and recommendations.

10       For the reasons above, I recommend that this case be dismissed without prejudice for

11   plaintiff's failure to state a claim.  This recommendation will be submitted to a U.S. district judge

12   presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of

13   the service of these findings and recommendations, the parties may file written objections with

14   the court and serve a copy on all parties.  That document must be captioned "Objections to

15   Magistrate Judge's Findings and Recommendations."  The presiding district judge will then

16   review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

17

18   IT IS SO ORDERED.

19

20   Dated:    December 29, 2020                                         

21                                      JEREMY D. PETERSON
                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28